NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL ECKARD, AKA Gabriel Allen Eckard, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BRIAN WILMOTH, Correctional Officer, Monroe Correctional Complex, <br><br> Defendant-Appellee. | No. 20-35552 <br><br> D.C. No. 2:19-cv-00377-BJR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and an unreasonable search.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Eckard was incarcerated when he filed this action and was therefore required to exhaust administrative remedies, but did not. *See Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (under the Prison Litigation Reform Act, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law;" that definition is "plain and unambiguous" (citation and internal quotation marks omitted)). Eckard's contention that he was transferred to a county jail is irrelevant because his failure to comply with the prison's exhaustion procedures occurred prior to his transfer.

We do not consider Eckard's contention that administrative remedies were effectively unavailable because Eckard did not properly raise this argument before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**